1          UNITED STATES DISTRICT COURT

2          DISTRICT OF NEVADA

3

4    Orlando Scott Martin,

5          Petitioner                          2:14-cv-01167-JAD-VCF

6    v.                                    **Order Denying Motion for Stay,
                                            Denying Motion for Appointment of
7    Brian E. Williams, et al.,                Counsel, Granting Motion to Strike,
                                            and Denying Motion to Reconsider**
8          Respondents                            [ECF 18, 20, 22, 24]

9

10         Orlando Scott Martin brings this 28 USC § 2254 action challenging his Nevada state court

11   convictions for assault with a deadly weapon and related charges.[1]  I screened Martin's petition,

12   dismissed claim seven, and ordered respondents to respond to claims one through six.[2]  Respondents

13   timely answered Martin's petition.[3]  Five months later, Martin filed a "Motion for Stay and Abey,"[4] a

14   second motion for appointment of counsel,[5] and an amended petition.[6]  Martin also requests that I

15   reconsider my October 15, 2014, screening order dismissing claim seven of his petition.[7]

16   Respondents move to strike Martin's amended petition.[8]  I construe Martin's "Motion for Stay and

17

18

19

20   [1] ECF 7.

21   [2] *See* ECF 6.

22   [3] ECF 11.

23   [4] ECF 18.

24   [5] ECF 20.

25   [6] ECF 21.

26   [7] ECF 24.

27   [8] ECF 22.

28

Page 1 of 5

1  Abey" as one for leave to amend,[9] deny it, and grant respondents' motion to strike Martin's amended

2  petition.  I also deny Martin's motion for appointment of counsel and motion to reconsider.

3  **Discussion**

4  **A.     Motion for leave to amend and motion to strike [ECF 18, 22]**

5       Motions for leave to amend a habeas petition are governed by the same standards as motions

6  to amend a complaint in other civil actions.  A party may amend a pleading once as a matter of

7  course at any time before a responsive pleading is served.[10]  Once a responsive pleading has been

8  served, a party may amend the pleading only by leave of court or by written consent of the adverse

9  party.[11]  Leave is freely given when justice so requires.[12]  But a district court may deny leave to

10  amend for "bad faith, undue delay, prejudice to the opposing party," or where amendment would be

11  futile.[13]  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."[14]

12       Martin seeks to add three new claims in his amended petition: two due-process claims

13  challenging the sufficiency of the evidence for his aiding-and-abetting and conspiracy conviction,

14  and alleging that he proved self defense; and an equal-protection claim premised on an instructional

15  error.[15]  Respondents argue that Martin's amended petition should be stricken because Martin has

16  failed to offer any explanation for his failure to include all of his claims in his original petition and

17  because the proposed amendments would require litigation of a motion to dismiss after their answer

18  has already been filed.[16]  Respondents also argue that the proposed amendments would be futile

19

20  [9] In his "Motion for Stay and Abey" Martin states that he will "re-draft and supplement or amend the pending petition," to cure the deficiencies outlined in respondents' answer.  ECF 18 at 1.

21

22  [10] FED. R. CIV. P. 15(a).

23  [11] *Id.*

24  [12] *Morris v. U.S. Dist. Court*, 364 F.3d 891, 894 (9th Cir. 2004).

25  [13] *Griggs v. Pace Am. Group*, 170 F.3d 877, 880 (9th Cir. 1999).

26  [14] *United States v. Smithkline Beecham Clinical Labs*, 245 F.3d 1048, 1052 (9th Cir. 2001).

27  [15] *See* ECF 21 at 4–7.

28  [16] ECF 22 at 2.

1  because Martin's new claims do not relate back to the filing of his original petition and are therefore

2  barred by AEDPA's one-year limitations period.[17]  Martin offers no response.

3  **B.**      **Martin's motion for leave to amend is denied, and his amended petition is stricken.**

4        An amended habeas petition only relates back if the amended claims are tied to the "same

5  core of operative facts" alleged in the original petition.[18]  That claims relate to the same trial,

6  conviction, or sentence is not enough.[19]  That a claim shares some facts in common with previous

7  claims is also insufficient; the entire factual predicate of the amended claim must relate back to the

8  original petition.[20]

9        I agree with respondents that Martin's proposed amendments would be futile because his

10  three new claims do not relate back to his original petition.  For example, Martin's original petition

11  does not allege any of the facts that Martin's amended petition alleges undermined the jury's verdict

12  of guilty on the aiding and abetting and conspiracy counts.  I also find that, even if one or part of

13  these claims did relate back and amendment would not be entirely futile; Martin's motion for leave is

14  also appropriately denied based on undue delay and prejudice to respondents.  Martin has offered no

15  explanation for his failure to include his new claims—and the facts supporting them, which he was

16  well aware of—at the time he filed his original petition.  I also find that respondents would be

17  unfairly prejudiced if I granted Martin leave to amend at this belated date because respondents have

18  already filed their answer, and Martin's amended complaint would force them to litigate a dismissal

19  motion raising their timeliness arguments.  I therefore deny Martin's motion for leave to amend,

20  grant respondents' motion to strike, and strike Martin's amended petition.

21

22

23

24  [17] *Id.*

25  [18] *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

26  [19] *Id.* at 662 (stating that if "claims asserted after the one-year period could be revived simply
because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's
27  limitation period would have slim significance.").

28  [20] *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012).

**C.      Motion for appointment of counsel [ECF 20]**

There is no constitutional right to counsel for a federal habeas corpus proceeding.[21]  But, the district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[22]

Martin again moves for appointment of counsel, conclusorily alleging that "the issues in this case are complex and that [he] is unable to adequately present the claims without the assistance of counsel."[23]  I find that Martin's petition is sufficiently clear and that his claims are not so complex that denial of counsel would amount to a denial of due process.  Notably, six of Martins seven claims survived screening.  In light of these facts and Martin's failure to articulate any facts showing that his claims are particularly complex or that he is incapable of continuing to represent himself, his second motion for appointment of counsel is denied.

I also deny Martin's motion to reconsider my screening order both because it is untimely—filed almost one year after issuance of the order and seven months after respondents' answer—and because Martin has given me no reason to revisit my previous ruling dismissing his ineffective-assistance-of-appellate-counsel claim.

---

[21] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[22] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).

[23] ECF 20 at 2.

Page 4 of 5

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for stay and abey pending 2254 petition **[ECF 18]**, motion for appointment of counsel **[ECF 20]**, and motion to reconsider **[ECF 24] are DENIED.**

IT IS FURTHER ORDERED that respondents' motion to strike **[ECF 22] is GRANTED.**

**The Clerk of Court is instructed to STRIKE ECF 21 from the record in this case.**

I will address the merits of petitioner's original petition in due course.

DATED March 24, 2016

_____
Jennifer A. Dorsey
United States District Judge