UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Orlando Scott Martin,<br><br>        Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>        Respondents | 2:14-cv-01167-JAD-VCF<br><br>**Order Denying Petition, Denying Certificate of Appealability, and Closing Case** |

Nevada state-prison inmate Orlando Scott Martin brings this § 2254 petition to challenge his Nevada state conviction for battery with a deadly weapon and related charges. Having reviewed the petition and respondents' answer, I find that Martin is not entitled to federal habeas relief, so I deny his petition, decline to issue a certificate of appealability, and close this case.

### Background

In January 2011, a jury in Nevada's Second Judicial District Court convicted Martin of battery with a deadly weapon causing substantial bodily harm (one count), battery with a deadly weapon (one count), assault with a deadly weapon (five counts), discharging a firearm in a public place (one count), being a felon in possession of a firearm (one count), and carrying a concealed weapon (one count),[1] all stemming from a bar shooting. On appeal, the Nevada Supreme Court found that there was insufficient evidence to support one of the five assault counts; it otherwise affirmed the conviction.[2]

Martin then filed his first post-conviction habeas petition in state district court.[3] The state

---

[1] ECF No. 14-5.

[2] ECF No. 15-5.

[3] ECF No. 15-15.

district court denied the petition;[4] the Nevada Supreme Court affirmed.[5] Martin filed a second habeas petition in the state district court,[6] which the court dismissed as untimely and successive under NRS § 34.726 and successive under NRS § 34.810,[7] and the Nevada Supreme Court affirmed.[8]

Martin commenced this action while his second post-conviction petition was still pending in the state courts. I dismissed ground seven of Martin's petition and directed respondents to answer the remaining six grounds for ineffective assistance of counsel.[9]

## Discussion

### A. Standard for habeas relief under 28 U.S.C. § 2254(d)

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[10] In making this determination, federal courts look to the last reasoned state-court decision.[11] "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[12] To the extent no reasoned opinion exists, courts must independently review the record to

---

[4] ECF No. 15-24.

[5] ECF No. 16-9.

[6] ECF No. 16-7. It appears that Martin filed the second petition while his appeal of the denial of his first petition was still pending in front of the Nevada Supreme Court.

[7] ECF No. 16-10.

[8] ECF No. 16-21.

[9] ECF No. 6.

[10] 28 U.S.C. § 2254(d).

[11] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[13]

**B.     Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[14]  A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[16]  Martin has not met this burden for any of his remaining claims.

***1. Ground one: failure to investigate, locate, and interview two witnesses.***

In ground one, Martin claims that his trial counsel was ineffective for failing to interview two witnesses: Ryan Kempf, a bouncer at the bar where the shooting occurred, and Melanie Dobbs, the girlfriend of Martin's co-defendant Demetrie Wilson.[17]  Martin argues that counsel should have introduced evidence that Kempf was paid by a gang and that he let minors, drugs, and weapons into the bar and that Dobbs had evidence of these misdeeds, which counsel failed to elicit.

---

[13] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

[14] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[15] *Id.* at 694.

[16] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[17] Martin and Wilson were to be tried jointly, but Wilson's attorney was hospitalized shortly before the trial started, so the trial court severed the trials.

The Nevada Supreme Court rejected this claim in Martin's first post-conviction appeal, finding that Martin failed to show that his counsel's performance was deficient or that he was prejudiced.[18] The Court reasoned that Martin's counsel sought to impeach Kempf's character but that the district court ruled that other witnesses could not provide specific instances of Kempf's misconduct. Martin's counsel did ask—and Kempf denied—whether Kempf was paid by a gang or allowed minors or contraband into the bar. Despite the district court's ruling, Dobbs did testify that Kempf was known to allow minors, drugs, and guns into the bar and that Kempf was not a "good guy." Therefore, the Court held, Martin failed to demonstrate that his counsel's performance was deficient. Martin also failed to show prejudice because he did not demonstrate that further investigation and interviews would have elicited admissible evidence that would have altered the outcome at trial—especially in light of the video and other evidence against him.[19]

There is a reasonable argument that Martin's counsel satisfied *Strickland* and the Nevada Supreme Court's ruling is reasonable, so Martin is not entitled to federal habeas relief on ground one.

### 2. Ground two: failure to adequately cross-examine

Martin next claims that counsel was constitutionally ineffective because he did not adequately cross examine Kempf about possible death threats. The Nevada Supreme Court also denied this claim, finding that Martin failed to show that his counsel's performance was deficient or to show prejudice: Dobbs testified that Kempf had told her that he was receiving death threats, and Martin failed to show that asking Kempf himself if he had received death threats would have altered the outcome at trial given the video of the incident and the witnesses' testimony.[20] There is a reasonable argument that Martin's counsel satisfied *Strickland* and the Nevada Supreme Court's ruling is reasonable, so Martin is not entitled to federal habeas relief on ground one.

---

[18] ECF No. 16-9.

[19] *Id.* at 3.

[20] *Id.* at 4.

### 3. Grounds three, four, and five: failure to retain expert witnesses; ground six: cumulative error

Martin claims that counsel was ineffective for (1) failing to hire an expert witness to determine whether the testimony of the investigators who located shell casings and bullet-impact points and determined that three guns were used in the shooting was accurate and (2) failing to hire a gunshot-residue expert witness. The Nevada Supreme Court considered these claims together and rejected them, finding that Martin failed to show a reasonable probability that the outcome at trial would have been different had his counsel retained these experts because the video evidence combined with the witness testimony at trial strongly suggested his guilt.[21]

There is a reasonable argument that Martin's counsel satisfied *Strickland*, and the Nevada Supreme Court correctly applied *Strickland* to these claims. The evidence against Martin was strong: multiple witnesses testified that they saw him brandishing and firing a gun, and the security-camera recording shows Martin holding a gun. Martin's co-defendant Demetrie Wilson was also shooting into the crowd, and Martin is equally responsible for Wilson's actions under Nevada principles of accomplice liability.[22] I agree with the Nevada Supreme Court that Martin fails to demonstrate prejudice, so I deny claims three, four, and five. And because Martin has not demonstrated that his counsel was ineffective on any of these grounds, the Nevada Supreme Court's determination that Martin failed to show cumulative error is also reasonable, so I deny Martin's six ground for relief for cumulative error.

---

[21] *Id.*

[22] NEV. REV. STAT. § 195.020.

**C.     I decline to issue a certificate of appealability.**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[23] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[24] To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[25] Because no reasonable jurist would find my conclusion that Martin has failed to show that his counsel was constitutionally ineffective debatable or wrong, I decline to issue Martin a certificate of appealability.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Martin's petition for a writ of habeas corpus **[ECF No. 7] is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is directed to enter judgment for respondents and against Martin and to CLOSE this case.

Dated this 7th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[23] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[24] *Slack*, 529 U.S. at 484.

[25] *Id.*